**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS,<br><br>        Plaintiffs,<br><br>    and<br><br>CITIZENS AGAINST RUINING THE ENVIRONMENT; THE ENVIRONMENTAL LAW AND POLICY CENTER; NATURAL RESOURCE DEFENSE COUNCIL, INC.; RESPIRATORY HEALTH ASSOCIATION OF METROPOLITAN CHICAGO; and SIERRA CLUB,<br><br>        Intervenor-Plaintiffs,<br><br>    v.<br><br>MIDWEST GENERATION, LLC, EDISON MISSION ENERGY, INC., and COMMONWEALTH EDISON COMPANY,<br><br>        Defendants. | No. 09-cv-05277<br><br>Judge John W. Darrah<br><br>Magistrate Judge Maria Valdez |

**MIDWEST GENERATION, LLC'S MEMORANDUM IN
SUPPORT OF ITS PARTIAL MOTION TO DISMISS
THE INTERVENORS' AMENDED COMPLAINT**

James M. Jones (*pro hac vice*)
  jmjones@jonesday.com
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959

Kevin P. Holewinksi (*pro hac vice*)
  kpholewinski@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Daniel E. Reidy (IL Bar No. 2306948)
  dereidy@jonesday.com
Brian J. Murray (IL Bar No. 6272767)
  bjmurray@jonesday.com
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*Counsel for Defendant Midwest Generation, LLC*

## **TABLE OF CONTENTS**

                                                          **Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

BACKGROUND ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 3

I.      THE INTERVENORS' NEW PSD COUNT SHOULD BE DISMISSED. ....................... 3

         A.      Insofar As It Seeks Civil Penalties, The Intervenors' PSD Count Should Be Dismissed As Untimely. ................................................................................. 3

         B.      To The Extent It Seeks Injunctive Relief, The Intervenors' PSD Count Should Also Be Dismissed As Untimely, Under The Concurrent Remedy Doctrine. ............................................................................................................ 4

II.     THE INTERVENORS' TITLE V CLAIM IN COUNT 29 SHOULD BE DISMISSED INSOFAR AS IT IS BASED ON THEIR FLAWED PSD CLAIM. .......... 6

CONCLUSION ........................................................................................................................... 7

-ii-

# TABLE OF AUTHORITIES

Page

**CASES**

*Blanchard v. Speedway Superamerica, LLC*,
    306 F. Supp. 2d 753 (N.D. Ill. 2004) ................................................................................... 3, 5

*Cope v. Anderson*,
    331 U.S. 461 (1947) ................................................................................................................. 5

*Jarrard v. CDI Telecomms., Inc.*
    408 F.3d 905 (7th Cir. 2005) ................................................................................................... 4

*Nat'l Parks & Conservation Ass'n, Inc. v. Tenn. Valley Auth.*,
    502 F.3d 1316 (11th Cir. 2007) ............................................................................................ 5, 6

*Nemkov v. O'Hare Chi. Corp.*,
    592 F.2d 351 (7th Cir. 1979) ............................................................................................... 5, 6

*Russell v. Todd*,
    309 U.S. 280 (1940) ................................................................................................................. 5

*Sierra Club v. Dayton Power & Light, Inc.*,
    No. 2:04 CV 905, 2005 WL 1972549 (S.D. Ohio Aug. 12, 2005) .......................................... 6

*Sierra Club v. Otter Tail Power Co.*,
    ___ F.3d ____, 2010 WL 3168434 (8th Cir. Aug. 12, 2010) ................................................... 6

*United States v. Banks*,
    115 F.3d 916 (11th Cir. 1997) ................................................................................................. 5

*United States v. Lewis*,
    411 F.3d 838 (7th Cir. 2005) ................................................................................................... 4

*United States v. Midwest Generation, LLC*,
    694 F. Supp. 2d 999 (N.D. Ill. 2010) ............................................................................. passim

**STATUTES**

415 ILCS 5/9.1(d) ........................................................................................................................... 2

28 U.S.C. § 2462 ............................................................................................................................ 3

42 U.S.C. § 7604 ............................................................................................................................ 6

## BACKGROUND

This Clean Air Act ("CAA") suit began with a complaint filed by the United States and the State of Illinois. The complaint alleged three kinds of claims against Midwest Generation, LLC ("Midwest Gen"): (1) violations of the CAA's Prevention of Significant Deterioration ("PSD") provisions; (2) violations of Illinois emissions limits on opacity and particulate matter; and (3) violations of Title V, the CAA's operating permit provision. (Dkt. No. 1.) Thereafter, several private environmental groups intervened (collectively, the "Intervenors").[1] The Intervenors' complaint mirrored some of the opacity and particular matter claims asserted by the United States and the State of Illinois, but contained no PSD or Title V counts. (*See* Dkt. No. 54.)

Because Midwest Gen cannot be liable under the CAA for alleged PSD violations allegedly committed by a prior owner, and in any event the PSD claims were untimely, Midwest Gen moved to dismiss the PSD claims (Count 36 as to civil penalties only[2] and the other PSD counts in their entirety). Midwest Gen did not move against the other counts in the complaint of the United States and the State of Illinois, including particulate matter and opacity claims. (Dkt. No. 31.) Similarly, Midwest Gen did not move against the Intervenors' echoing of those claims. Accordingly, this Court's decision granting in full Midwest Gen's partial motion to dismiss did not touch the Intervenors' initial complaint. *See United States v. Midwest Generation, LLC*, 694 F. Supp. 2d 999 (N.D. Ill. 2010).

---

[1] The Intervenors include Citizens Against Ruining the Environment; The Environmental Law and Policy Center; Natural Resource Defense Council, Inc.; Respiratory Health Association of Metropolitan Chicago; and Sierra Club.

[2] Count 36 incorrectly alleged that Midwest Gen commenced modifications at Will County Unit 4 starting in February 2000. (Dkt. No. 1 ¶ 267.) While that was wrong—a showing that could be made with evidence in the possession of the United States and the State of Illinois—to avoid a dispute over any factual issues Midwest Gen accepted the allegation as true and challenged Count 36 only as untimely, which bars civil penalties.

Following that decision, the United States and the State of Illinois amended their complaint, trying to resuscitate their dismissed PSD claims. (Dkt. No. 93.) Reasserting all of those former PSD counts, the amended complaint first reargues its liability-for-operation theory (citing 415 ILCS 5/9.1(d)). And it also re-runs its rejected Asset Sale Agreement ("ASA") successor liability theory, this time adding new defendants Edison Mission Energy, Inc. ("EME") (Midwest Gen's parent company) and Commonwealth Edison Co.[3]

Tellingly, even the Intervenors did not endorse that scattershot approach. They did, however, amend their complaint more modestly. (*See* Dkt. No. 92.) Most of the amendments were cosmetic. For instance, the Intervenors' new complaint pleads their opacity and particulate matter claims with separate counts for each unit. (*See id.*, Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23 & 25.) It also adds Title V counts to mirror these claims—counts which are merely derivative of the opacity and particulate matter claims. (*See id.*, Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24 & 26.)

The Intervenors also amended their complaint in two other ways. Specifically, while the Intervenors declined to embrace the liability-for-operation or ASA theories in the amended complaint filed by the United States and the State of Illinois, they did add a single PSD count (Count 27). The count is modeled on PSD Count 36 from the initial complaint of the United States and the State of Illinois and based on the (incorrect) factual assertion that Midwest Gen itself commenced the alleged modifications at issue in that count. The Intervenors also added a Title V count (Count 29) based on that PSD count.

By this motion, Midwest Gen seeks dismissal of the Intervenors' single PSD count (Count 27), as well as the Title V claim (Count 29) to the extent it is premised on that PSD

---

[3] By separate motion filed today, Midwest Gen has again moved to dismiss these claims.

count. The PSD count should be dismissed in its entirety because the Court already reasoned that it is untimely to the extent it seeks civil penalties, and the concurrent remedy doctrine bars the Intervenors from seeking injunctive relief on this claim. The Title V claim, to the extent premised on this PSD count, is derivative of the PSD count; if the PSD count fails, the Title V claim, to the extent so premised, fails as well.

## ARGUMENT

**I.    THE INTERVENORS' NEW PSD COUNT SHOULD BE DISMISSED.**

The Intervenors' new PSD count fails to state a claim. To the extent it seeks civil penalties, it is untimely, as this Court already ruled in connection with Midwest Gen's first motion to dismiss. *Midwest Generation*, 694 F. Supp. 2d at 1009. Nor can the Intervenors seek injunctive relief for that claim: The Intervenors are subject to a defense called the concurrent remedy doctrine, which holds "that where both legal and equitable remedies are available . . . and the legal claim is barred, so too is the equitable claim." *Blanchard v. Speedway Superamerica, LLC*, 306 F. Supp. 2d 753, 756 (N.D. Ill. 2004). Accordingly, the Intervenors' PSD claim in Count 27 should be dismissed in its entirety.

**A.    Insofar As It Seeks Civil Penalties, The Intervenors' PSD Count Should Be Dismissed As Untimely.**

The Court's prior decision on Midwest Gen's first motion to dismiss dispatches the Intervenors' PSD count insofar as it seeks civil penalties. In that decision, the Court dismissed PSD Count 36 as untimely to the extent it sought civil penalties. The claim was based on alleged modifications of Will County Unit 4 starting in February 2000. As the Court explained, "[p]ursuant to 28 U.S.C. § 2462, all claims for civil penalties must be brought within five years of the claim's accrual." *Midwest Generation*, 694 F. Supp. 2d at 1009. And "a PSD violation occurs at the time the alleged construction or modification begins." *Id*. Accordingly, the Court

-3-

held that even if construction of the alleged modifications at Will County Unit 4 commenced in February 2000, after Midwest Gen acquired the plants, the time for seeking civil penalties had long passed. *See id.*

That decision should apply with the same force here as law of the case. *Jarrard v. CDI Telecomms., Inc.* 408 F.3d 905, 911-12 (7th Cir. 2005) (When a court decides something, that "decision should continue to govern the same issues in subsequent stages *in the same case*."). And in any event, the Court's reasoning applies equally here. The Intervenors' PSD count, which also alleges a PSD violation based on alleged modifications of Will County Unit 4 in February 2000, is virtually identical to Count 36 of the original complaint filed by the United States and the State of Illinois. (*Cf.* Dkt. No. 1 at ¶ 267 ("In or about February 2000, Defendant commenced construction of one or more major modifications . . . at Will County Unit 4 without applying for or receiving a PSD permit."); *compare id.* ¶¶ 268-70 *with* Intervenors' Am. Compl. ¶¶ 220-22.) In particular, just like that former Count 36, the Intervenors' PSD count "expressly alleges that all alleged modifications commenced no later than February 2000—more than nine years ago." *Midwest Generation*, 694 F. Supp. 2d at 1009. The Intervenors' PSD count thus, on its face, "'reveals that [the] action is untimely under the governing statute of limitations.'" *Id* at 1009. (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Thus, just like Count 36 of the original complaint by the United States and the State of Illinois, the Intervenors' new Count 27 should also be dismissed as untimely to the extent it seeks civil penalties.

    **B.    To The Extent It Seeks Injunctive Relief, The Intervenors' PSD Count Should Also Be Dismissed As Untimely, Under The Concurrent Remedy Doctrine.**

Nor can the Intervenors seek injunctive relief under their untimely PSD count. While it may be argued that the statute of limitations does not bar the United States' request for injunctive

relief under the CAA, *Midwest Generation*, 694 F. Supp. 2d at 1009,[4] the concurrent remedy doctrine applies to claims by private parties like the Intervenors. That doctrine holds that, "where a party's legal remedies are time-barred, that party's concurrent equitable claims generally are [also] barred." *Nat'l Parks & Conservation Ass'n, Inc. v. Tenn. Valley Auth.*, 502 F.3d 1316, 1326 (11th Cir. 2007) (citing *Cope v. Anderson*, 331 U.S. 461, 464 (1947)). Legal and equitable remedies are said to be concurrent when "the sole remedy is not in equity and an action at law can be brought on the same facts." *Nemkov v. O'Hare Chi. Corp.*, 592 F.2d 351, 355 (7th Cir. 1979); *see also Russell v. Todd*, 309 U.S. 280, 291 (1940) (noting the "accepted and applied" doctrine "that equity does not give relief predicated on a legal right which the statute [of limitations] has barred"); *Blanchard*, 306 F. Supp. 2d at 756 ("[W]here both legal and equitable remedies are available . . . and the legal claim is barred, so too is the equitable claim.").

In *National Parks*, the Eleventh Circuit—on facts indistinguishable from this case—applied the concurrent remedy doctrine to bar private environmental groups from seeking either civil penalties or injunctive relief based on PSD claims filed after the statute of limitations had run. After holding that the groups' PSD claims were untimely insofar as they sought civil penalties, 502 F.3d at 1324, the court "conclude[d] that the civil penalties and equitable relief sought [for alleged violations of the CAA's PSD provisions were] concurrent because an action at law or equity could be brought on the same facts." *Id.* at 1327 (quotation marks omitted). Accordingly, the court held that "the five-year statute of limitations and the concurrent remedy doctrine" barred *both* "the legal and equitable [PSD] claims" of the environmental groups. *Id.* at 1327-28. The Eighth Circuit recently reached the same conclusion—again, on facts

---

[4] At least one Court of Appeals has held that the concurrent remedy doctrine does not apply to the United States when acting in its "official enforcement capacity." *See, e.g.*, *United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997). Because the Intervenors are private parties, that has no bearing on this motion.

-5-

indistinguishable from this case—relying in part on the Seventh Circuit's decision in *Nemkov*. *See Sierra Club v. Otter Tail Power Co.*, ___ F.3d ____, 2010 WL 3168434, at *9 (8th Cir. Aug. 12, 2010) (citing *Nemkov*, 592 F.2d at 354-55).[5]

This uniform Circuit Court authority calls for dismissal of the Intervenors' equitable PSD claim here. Because the Intervenors' legal claim (for civil penalties) and equitable claim (for injunctive and declaratory relief) arise from the same facts and cause of action, they are concurrent. *Cf. Otter Tail*, 2010 WL 3168434, at *9; *Nat'l Parks*, 502 F.3d at 1327; *Nemkov*, 592 F.2d at 355. And because Intervenors' request for civil penalties is untimely, so too is their request for injunctive relief. The Intervenors' new PSD count must, therefore, be dismissed in its entirety.

## II. THE INTERVENORS' TITLE V CLAIM IN COUNT 29 SHOULD BE DISMISSED INSOFAR AS IT IS BASED ON THEIR FLAWED PSD CLAIM.

Finally, as explained in Midwest Gen and EME's contemporaneously filed memorandum in support of their partial motion to dismiss the amended complaint of the United States and the State of Illinois, Title V claims like Count 29 are entirely derivative of the underlying substantive claims. For the reasons set out in that memorandum, if the Court dismisses the Intervenors' PSD

---

[5] A few district courts have suggested that the concurrent remedy doctrine does not apply to plaintiffs in CAA citizen suits. *E.g.*, *Sierra Club v. Dayton Power & Light, Inc.*, No. 2:04 CV 905, 2005 WL 1972549 (S.D. Ohio Aug. 12, 2005). But as both the Eighth and Eleventh Circuits correctly held in cases indistinguishable from this one, private environmental groups like the Intervenors are not the United States. *See Otter Tail Power Co.*, 2010 WL 3168434, at *9; *Nat'l Park*, 502 F.3d at 1326, 1327. Their CAA claims are brought not through a governmental enforcement action, but in citizen suit under 42 U.S.C. § 7604, which permits "any person" to "commence a civil action *on his own behalf*." (Emphasis added.) Thus, "though they may be acting as private attorneys general, [the Intervenors] do not represent the public at large in the same way the government does when it brings suit to enforce the statute"; their interests are their own, not necessarily those of the public. *Nat'l Parks*, 502 F.3d at 1327; *see also Otter Tail*, 2010 WL 3168434, at *9 (recognizing "the great weight of authority [that] supports" this position). That is especially true here, where the United States is already a plaintiff, representing the public at large and pursuing the identical PSD claim the Intervenors advance.

claim in Count 27, it should also dismiss the Title V claim in Count 29 insofar as it is based on that PSD claim.

## CONCLUSION

For all of these reasons, the Intervenors' Count 27 should be dismissed in its entirety, and Count 29 should be dismissed insofar as it claims that Midwest Gen violated Title V on the basis of an alleged PSD violation.

Dated: September 17, 2010

Respectfully submitted,

/s/ Brian J. Murray
Daniel E. Reidy (IL Bar No. 2306948)
  dereidy@jonesday.com
Brian J. Murray (IL Bar No. 6272767)
  bjmurray@jonesday.com
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

James M. Jones (*pro hac vice*)
  jmjones@jonesday.com
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959

Kevin P. Holewinksi (*pro hac vice*)
  kpholewinski@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Defendant Midwest Generation, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 17, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

| | |
|---|---|
| Adrienne Banks Pitts<br>Byron F. Taylor<br>Kathleen Lynn Roach<br>Margaret R. Sobota<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>(312) 853-7000<br><br>*Attorneys for Commonwealth Edison Co.* | Andrew Barrett Armstrong<br>Illinois Attorney General's Office<br>100 West Randolph Street<br>Chicago, IL 60601<br>(312) 814-0660<br><br>Rose-Marie E. Cazeau<br>Stephen J. Sylvester<br>Matthew J. Dunn<br>Illinois Attorney General's Office<br>69 W. Washington St., 18th Floor<br>Chicago, IL 60602<br>(312) 814-2521<br><br>*Attorneys for the State of Illinois* |
| Jennifer A. Lukas-Jackson<br>Charles V. Mikalian<br>Kristin M. Furrie<br>Justin Aaron Savage<br>U.S. Department of Justice<br>ENRD Mailroom 2121<br>601 D St. N.W.<br>Washington, D.C. 20004<br>(202) 305-2332<br><br>Charles V. Mikalian<br>Susan M. Tennenbaum<br>U.S. Environmental Protection Agency<br>77 West Jackson Boulevard<br>Chicago, IL 60604<br>(312) 886-2944<br><br>Jonathan Haile<br>Office of the United States Attorney<br>Northern District of Illinois<br>219 S. Dearborn St., Fifth Floor<br>Chicago, IL  60604<br><br>*Attorneys for the United States* | Keith Ian Harley<br>Chicago Legal Clinic<br>205 West Monroe, 4th Floor<br>Chicago, IL 60606<br>(312) 726-2938<br><br>*Attorney for Citizens Against Ruining the Environment and The Sierra Club*<br><br>Shannon Wanzer Fisk<br>Natural Resources Defense Council<br>2 North Riverside Plaza, Suite 2250<br>Chicago, IL 60606<br>(312) 651-7904<br><br>*Attorney for the Natural Resources Defense Council, Inc.* |

| | |
|---|---|
| Faith E. Bugel<br>Environmental Law & Policy Center<br>35 East Wacker Drive, Suite 1600<br>Chicago, IL 60601<br>(312) 759-3400 | Michael Christopher Soules<br>Environmental Law & Policy Center<br>700 Douglas Ave. #906<br>Minneapolis, MN 55403<br>(989) 600-2659 |
| *Attorney for the Environmental Law and Policy Center* | *Attorney for the Respiratory Health Association of Metropolitan Chicago* |
| Dated: September 17, 2010 | /s/ Brian J. Murray<br>Brian J. Murray |