**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF ILLINOIS, ) ) ) | Civil Action No. 09-cv-05277 |
| Plaintiffs, ) ) | Judge John W. Darrah |
| CITIZENS AGAINST RUINING THE ENVIRONMENT; THE ENVIRONMENTAL LAW AND POLICY CENTER; NATURAL RESOURCES DEFENSE COUNSEL, INC.; RESPIRATORY HEALTH ASSOCIATION OF METROPOLITAN CHICAGO; and SIERRA CLUB, ) ) ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Intervenor-Plaintiffs, ) ) | |
| v. ) ) | |
| MIDWEST GENERATION, LLC, ) ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO MOVE FOR
CERTIFICATION OF PARTIAL FINAL JUDGMENT
<u>UNDER FED.R.CIV.P. RULE 54(b)</u>**

Plaintiffs, the United States of America, on behalf of the Environmental Protection Agency, ("United States") and the State of Illinois ("State") respectfully move this Court for a 60-day extension of time for Plaintiffs to move for certification of partial final judgment under Fed.R.Civ.P. Rule 54(b) of certain claims dismissed by this Court through two decisions it issued on March 9, 2010 (Dkt. 75) and March 16, 2011 (Dkt. 128).

1. Counsel for the United States has conferred with counsel for Defendant Midwest Generation ("Defendant" or "Midwest Gen") regarding the extension sought in this motion, but

at the time of filing Midwest Gen had not stated its position on this motion. Counsel for the United States has also conferred with respective counsel for the five Plaintiff-Intervenors, and none oppose this motion.

2.     This case involves alleged Clean Air Act violations at six coal-burning power plants that are owned and operated by the Defendant and are located in and around Chicago, Illinois. The United States and the State filed this civil environmental enforcement action against Midwest Gen on August 27, 2009, alleging claims under several provisions of the Clean Air Act, including that the defendant: (1) was directly liable under the Prevention of Significant Deterioration ("PSD") program for operating plants without PSD permits after the former plant owner and operator, Commonwealth Edison ("ComEd"), modified five plants and Midwest Gen modified one plant; (2) has violated, and continues to violate, the Illinois State Implementation Plan (SIP) opacity and particulate matter limitations at the six plants; and (3) has violated, and continues to violate, the Title V operating permit program by failing to submit complete permit applications for the six plants. On March 9, 2010, this Court granted Midwest Gen's partial motion to dismiss the PSD claims that Plaintiffs alleged were associated with ComEd's modifications.

3.     To address the Court's March 9, 2010 decision, on June 3, 2010, Plaintiffs filed a First Amended Complaint to plead their PSD claims under varying theories of liability against three defendants: (1) Plaintiffs added ComEd under a theory of direct liability, because it modified the plants; (2) Plaintiffs alleged that Midwest Gen was liable, as successor to ComEd via express or implied assumptions of liability in an Asset Sale Agreement; and (3) Plaintiffs added Edison Mission Energy ("EME"), a parent of Midwest Gen, as successor to ComEd via the same Agreement. The Amended Complaint also alleged that Midwest Gen was directly liable

under a provision of the Illinois SIP, which Plaintiffs alleged imposes PSD liability on persons who operate sources modified in violation of PSD, 415 ILCS 5/9.1(d)(2). Finally, as in the original complaint, Plaintiffs alleged Illinois SIP opacity and particulate matter claims and Title V claims against Midwest Gen.

4. Subsequently, on March 16, 2011, this Court granted in their entirety the respective motions of ComEd and Midwest Gen/EME to dismiss the PSD claims in the Amended Complaint (including the successor claims as well as the direct claims based on Plaintiffs' reliance on 415 ILCS 5/9.1(d)(2)), and the Title V claims associated with PSD requirements.

5. In consideration of these two rulings, and as mentioned to the Court by counsel for the United States at the Parties' status conference on March 30, 2011, Plaintiffs are carefully deliberating about whether to seek from this Court certification of final judgment under Fed.R.Civ.P Rule 54(b) for some or all of the dismissed claims.

6. Fed.R.Civ.P. Rule 54(b) does not contain a jurisdictional time frame for when a party must seek certification of partial final judgment by the district court after an adverse ruling. However, in an abundance of caution, Plaintiffs respectfully move this Court to grant Plaintiffs until July 15, 2011 to seek certification pursuant to Fed.R.Civ.P. Rule 54(b).[1]

7. By this motion, Plaintiffs do not seek to delay the proceedings in the district court, nor is this motion interposed for any improper purpose and it will not prejudice any party. Rather, Plaintiffs and Plaintiff-Intervenors are pursuing discovery of the claims that remain with the district court, as they have done during the pendency of the rulings on the motions to dismiss, and, as noted above, thus far Plaintiffs have not been notified that any party opposes this motion.

---

[1] In *Schaefer v. First National Bank of Lincolnwood*, 465 F2d 234, the Seventh Circuit analogized the time period for seeking Fed.R.Civ.P. Rule 54(b) certification to the time period for seeking appeal provided by Fed.R.App.P. Rule 4(a). The deadline under Fed.R.App.P. Rule 4(a) would be May 16, 2011.

8. The extension of time is requested for good cause. In accordance with 28 C.F.R. § 0.20(b), the Office of the Solicitor General of the United States Department of Justice must authorize any appeal taken by the United States. Similarly, the Office of the Solicitor General of the Illinois Attorney General's Office must approve any appeal taken by the State. The process of seeking approval for appeal requires the involvement, coordination, and recommendations of officials in the Department of Justice and the Environmental Protection Agency along with the Illinois Attorney General's Office. Despite diligent efforts, that process will take additional time to complete.

Wherefore, Plaintiffs request that this Court enter an order granting Plaintiffs until July 15, 2011 to file any motion seeking certification of final judgment of certain claims affected by the March 9, 2010 and March 16, 2011 orders.

Respectfully submitted,

PLAINTIFF UNITED STATES

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: May 6, 2011        */s/ Jennifer A. Lukas-Jackson*
JENNIFER A. LUKAS-JACKSON
KRISTIN M. FURRIE
Trial Attorneys

OF COUNSEL                Environmental Enforcement Section
SUSAN TENNENBAUM          Environment and Natural Resources Division
CHARLES MIKALIAN          U.S. Department of Justice
Associate Regional Counsels   P.O. Box 7611
Office of Regional Counsel (C-14J)  Washington, DC 20044-7611
U.S. EPA, Region V        Phone: (202) 305-2332
77 W. Jackson Blvd.       Facsimile: (202) 514-8395
Chicago, IL 60604-3590

4

PATRICK J. FITZGERALD
United States Attorney for the
Northern District of Illinois

JONATHAN HAILE
Assistant United States Attorney
Northern District of Illinois
219 S. Dearborn St., 5th Floor
Chicago, IL 60604


PLAINTIFF STATE OF ILLINOIS

LISA MADIGAN
Attorney General


*/s/ Stephen Sylvester*
MATTHEW J. DUNN, Chief
Environmental Enforcement/
Asbestos Litigation Division
Assistant Attorney General
ROSEMARIE E. CAZEAU
STEPHEN SYLVESTER
ANDREW ARMSTRONG
Assistant Attorneys General
69 W. Washington St., 18th Floor
Chicago, IL 60602
Phone: (312) 814-2521
Facsimile: (312) 814-2347

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on May 6, 2011, a copy of the foregoing **PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO MOVE FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT UNDER FED.R.CIV.P. RULE 54(b)** was filed electronically with the Clerk of Court using CM/ECF which will send notification of such filings to the following Counsel of Record:

*Attorneys for the State of Illinois*

Matthew J. Dunn
Rose-Marie Cazeau
Stephen J. Sylvester
Andrew Armstrong
Assistant Attorneys General
STATE OF ILLINOIS
69 W. Washington St., 18th Floor
Chicago, IL  60602
(312) 814-2521


*Attorney for the Natural Resources
Defense Council, Inc.*

Shannon Fisk
NATURAL RESOURCES DEFENSE
COUNCIL, INC.
2 N. Riverside Plaza, Ste. 2250
Chicago, IL  60606
(312) 651-7904

*Attorneys for Midwest Generation, LLC*

Daniel E. Reidy
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Ste. 3500
Chicago, IL  60601-1692
(312) 782-3939

James M. Jones
JONES DAY
500 Grant St., Ste. 4500
Pittsburgh, PA  15219-2514
(412) 391-3939

Kevin P. Holewinksi
JONES DAY
51 Louisiana Ave., NW
Washington, DC  20001-2113
(202) 879-3939


*Attorneys for The Environmental Law and
Policy Center and Respiratory Health
Association of Metropolitan Chicago*

Faith E. Bugel
Jennifer Cassel
ENVIRONMENTAL LAW  & POLICY
CENTER
35 E. Wacker Dr., Ste. 1300
Chicago, IL  60601-2110
(312) 673-6500

*Attorney for Citizens Against Ruining the
Environment and The Sierra Club*

Keith Harley
CHICAGO LEGAL CLINIC
205 W. Monroe, 4th Floor
Chicago, IL  60606
(312) 726-2938


*/s/ Jennifer A. Lukas-Jackson*
   Jennifer A. Lukas-Jackson