**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br>and the STATE OF ILLINOIS, | )<br>)<br>) | Civil Action No. 09-cv-05277 |
| Plaintiffs, | )<br>) | Judge John W. Darrah |
| CITIZENS AGAINST RUINING THE<br>ENVIRONMENT; THE ENVIRONMENTAL<br>LAW AND POLICY CENTER; NATURAL<br>RESOURCES DEFENSE COUNSEL, INC.;<br>RESPIRATORY HEALTH ASSOCIATION OF<br>METROPOLITAN CHICAGO;<br>and SIERRA CLUB, | )<br>)<br>)<br>)<br>)<br>)<br>) | Magistrate Judge Maria Valdez |
| Intervenor-Plaintiffs, | ) |  |
| v. | ) |  |
| MIDWEST GENERATION, LLC,<br>EDISON MISSION ENERGY, and<br>COMMONWEALTH EDISON COMPANY, | )<br>)<br>) |  |
| Defendants. | ) |  |

**PLAINTIFFS'** *SUPPLEMENTAL* **MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT AND TO STAY REMAINING CLAIMS**

Plaintiffs submit this supplemental brief in support of their unopposed motion for certification of partial final judgment of certain claims under Fed. R. Civ. Pro. 54(b) and to stay all claims that remain in the district court pending appeal. On September 21, 2011, this Court indicated to the Parties that it would grant Plaintiffs' unopposed motion to certify for final judgment the PSD claims that it had dismissed through prior rulings, and further that it was

inclined to deny the requested unopposed stay. Holding its ruling in abeyance, this Court granted Defendant Midwest Generation's request for the Parties to file written papers in support of the stay.

Plaintiffs' supplemental filing focuses on the substantial judicial economies that will be achieved from staying the opacity and Title V claims. This Court readily recognized during the hearing on September 21 that a stay of the Will County PSD claim will conserve substantial resources by ensuring that PSD discovery is conducted once, rather than twice, should Plaintiffs prevail on appeal and the PSD claims be remanded to the district court. For similar reasons, the Court should also stay the opacity and Title V claims.

A complete stay that includes the opacity and remaining Title V claims is the most reasonable course for this litigation because it advances judicial economy in several important ways. *First*, a stay would reduce the discovery, dispositive briefing, and number of trials were the United States to prevail on appeal. This case is bifurcated into separate phases for liability and remedy determinations, and thus the current case management plan contemplates two rounds of discovery, dispositive briefing, and trial. Without a stay of the remaining claims, the Parties and this Court could potentially engage in *four* rounds, including two jury trials on liability and two bench trials for remedy adjudication.

In the interest of ensuring litigation proceeds efficiently through the judicial system, Courts have stayed claims remaining in the district court upon certifying partial final judgment under Rule 54(b). As in *Iowa Physicians Clinic Medical Found. v. Physicians' Insurance Co. of Wis.*, where the court issued a stay as part of granting plaintiffs' 54(b) motion, here a "unified trial on all issues, rather than multiple trials" can be achieved through the "expedient appeal of the legal questions" in conjunction with a stay. 2008 WL 268758 * 2-3 (C.D. Ill. Jan. 29, 2008).

2

*See also, e.g., Mayberry v. Johnson*, 2009 WL 211939 (D. Kan., Jan. 23, 2009) ("[A]n immediate appeal of the court's September 18, 2008 Memorandum and Order and stay of this proceeding will facilitate judicial economy by preventing separate litigation of the remaining claims."); *Matek v. Murat,* 638 F. Supp. 775, 784 (C.D. Cal. 1986) (staying all proceedings where the "interests of efficiency and fairness" are served by doing so); *General Elec. V. Anson Stamping Co. Inc.,* 426 F. Supp.2d 579, 600 (W.D. Ky. 2006) ("Judicial economy and wise use of the Court's scarce resources both dictate that any hearings or arguments to establish the priority, nature and extent of the secured creditors' interests be delayed until such time as the arbitration award is either finally confirmed or vacated on appeal.").

*Second*, granting the unopposed motion for a stay would ensure that the Parties avoid discovery in which numerous fact witnesses are recalled for deposition on separate issues. As noted in Plaintiffs' opening brief, fact discovery on limited elements of the PSD claims and the opacity claims will overlap (Pl. Op. Br. at 8). It is likely that several fact witnesses have personal knowledge of both the PSD and opacity claims and defenses. Staying the litigation pending appeal lessens the potential number of re-depositions of Midwest Generation employees responsible for the company's environmental compliance and government employees responsible for enforcement.

*Third,* granting the unopposed motion for a stay of the remaining claims promotes efficiencies in determining the necessary remedies at Defendant's power plants, should Plaintiffs prevail on their opacity and PSD claims. As Plaintiffs described in their opening brief, the legal remedies that Plaintiffs seek for the various claims are distinct (Pl. Op. Br. at 8). For example, injunctive relief for the thousands of alleged opacity violations at the six plants may require enhanced monitoring and upgrades to particulate matter pollution controls; injunctive relief for

3

PSD violations at these same plants may require installation and operation of new pollution controls to reduce sulfur dioxide and nitrogen oxides. Under the circumstances, having a single remedy order for all claims would promote an orderly construction and implementation schedule in this litigation for all air pollution controls on Defendants' plants.

*Finally*, should the Court deny Plaintiffs' unopposed motion in its entirety, then an appeal on the dismissed PSD claims will come only after adjudication of Plaintiffs' opacity and remaining Title V claims. Such a result will occasion exactly that which Midwest Gen, in its separate brief, advocates should be avoided: resolution of the opacity and Title V claims (after discovery and trial on two separate liability and remedy phases), followed by an appeal of the final judgment (which will include the PSD claims dismissed through Rule 12(b)(6)), and then possible district court litigation on remanded PSD claims that will necessitate duplicative discovery of factual issues in the opacity claim litigation. Thus, the most judicially efficient process for this litigation is achieved by granting Plaintiffs' motion in its entirety.

## CONCLUSION

Plaintiffs respectfully request that this Court grant their unopposed motion in full – both for certification of partial final judgment of the dismissed PSD claims under Fed. R. Civ. Pro. 54(b) and to stay discovery and trial proceedings of all of Plaintiffs' and Plaintiff-Intervenors' claims remaining in this Court pending appellate review.

    Respectfully submitted,

    PLAINTIFF UNITED STATES

    IGNACIA S. MORENO
    Assistant Attorney General
    Environment and Natural Resources Division

Dated: October 5, 2011    /s/ *Jennifer A. Lukas-Jackson*
                                          JENNIFER A. LUKAS-JACKSON
                                          KRISTIN M. FURRIE
                                          Trial Attorneys

OF COUNSEL                         Environmental Enforcement Section
SUSAN TENNENBAUM       Environment and Natural Resources Division
CHARLES MIKALIAN        U.S. Department of Justice
Associate Regional Counsels   P.O. Box 7611
Office of Regional Counsel (C-14J)   Washington, DC 20044-7611
U.S. EPA, Region V          Phone: (202) 305-2332
77 W. Jackson Blvd.          Facsimile: (202) 514-8395
Chicago, IL 60604-3590

                                          PATRICK J. FITZGERALD
                                          United States Attorney for the
                                          Northern District of Illinois

                                          JONATHAN HAILE
                                          Assistant United States Attorney
                                          Northern District of Illinois
                                          219 S. Dearborn St., 5th Floor
                                          Chicago, IL 60604


                                          PLAINTIFF STATE OF ILLINOIS

                                          LISA MADIGAN
                                          Attorney General


                                          /s/ *Stephen Sylvester*
                                          MATTHEW J. DUNN, Chief
                                          Environmental Enforcement/
                                          Asbestos Litigation Division
                                          Assistant Attorney General
                                          ROSEMARIE E. CAZEAU
                                          STEPHEN SYLVESTER
                                          Assistant Attorneys General
                                          69 W. Washington St., 18th Floor
                                          Chicago, IL 60602
                                          Phone: (312) 814-2521
                                          Facsimile: (312) 814-2347

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on October 5, 2011, a copy of the foregoing **PLAINTIFFS'** *SUPPLEMENTAL* **MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT AND TO STAY REMAINING CLAIMS** was filed electronically with the Clerk of Court using CM/ECF which will send notification of such filings to the following Counsel of Record:

*Attorneys for the State of Illinois*

Matthew J. Dunn
Rose-Marie Cazeau
Stephen J. Sylvester
Assistant Attorneys General
State of Illinois
69 W. Washington St., 18th Floor
Chicago, IL 60602
(312) 814-2521

*Attorney for the Natural Resources Defense Council, Inc.*

Shannon Fisk
Natural Resources Defense Council
2 N. Riverside Plaza, Ste. 2250
Chicago, IL 60606
(312) 651-7904

*Attorney for Citizens Against Ruining the Environment and The Sierra Club*

Keith Harley
Chicago Legal Clinic
205 W. Monroe, 4th Floor
Chicago, IL 60606
(312) 726-2938

*Attorneys for Midwest Generation, LLC and Edison Mission Energy*

Daniel E. Reidy
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Ste. 3500
Chicago, IL 60601-1692
(312) 782-3939

James M. Jones
JONES DAY
500 Grant St., Ste. 4500
Pittsburgh, PA 15219-2514
(412) 391-3939

Kevin P. Holewinksi
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001-2113(202) 879-3939

*Attorneys for Commonwealth Edison Company*

Adrienne Banks Pitts
Kathleen Lynn Roach
Margaret R. Sobota
Byron F. Taylor
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

*Attorneys for The Environmental Law and
Policy Center and Respiratory Health
Association of Metropolitan Chicago*

Faith E. Bugel
Jenny Cassel
Environmental Law & Policy Center
35 E. Wacker Dr., Ste. 1300
Chicago, IL  60601-2110
(312) 673-6500

<u>  /s/ Jennifer A. Lukas-Jackson</u>
Jennifer A. Lukas-Jackson