IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.* | ) | |
| | ) | Civil Action No. 09-cv-05277 |
| Plaintiffs, | ) | |
| | ) | Judge John Tharp, Jr. |
| CITIZENS AGAINST RUINING THE | ) | Magistrate Judge Maria Valdez |
| ENVIRONMENT, *et al.*, | ) | |
| | ) | |
| Intervenor-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDWEST GENERATION, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

_____)

## JOINT REASSIGNMENT STATUS REPORT

1. **Nature of the Case**

    **A.     Identify all attorneys of record for each party, and indicate their roles (*e.g.*, lead trial counsel, of counsel, local counsel, etc.).**

Counsel for Plaintiff United States
JENNIFER A. LUKAS-JACKSON
Lead Trial Counsel
KRISTIN M. FURRIE
JUSTIN A. SAVAGE
Trial Counsel
Environmental Enforcement Section
Environment & Natural Resources Div.
U.S. Department of Justice

JONATHAN C. HAILE
Assistant U.S. Attorney
United States Attorney's Office (N.D. Ill.)
U.S. Department of Justice

CHARLES V. MIKALIAN
SUSAN M. TENNENBAUM
Client Counsel
Office of Regional Counsel
Environmental Protection Agency, Region 5

Counsel for Plaintiff State of Illinois
STEPHEN J. SYLVESTER
Lead Trial Counsel
MATTHEW J. DUNN
Trial Counsel
Environmental Bureau
Illinois Attorney General's Office

Counsel for Defendant Midwest Generation, LLC
DANIEL E. REIDY
Lead Trial Counsel
BRIAN J. MURRAY
JAMES M. JONES
KEVIN P. HOLEWINSKI
Jones Day

Counsel for Plaintiff-Intervenor Citizens Against Ruining the Environment
KEITH I. HARLEY
Lead Trial Counsel
Chicago Legal Clinic, Inc.

**B.      State the basis for federal jurisdiction and indicate whether any party disputes federal jurisdiction.**

Federal jurisdiction for this action is asserted pursuant to Clean Air Act §§ 113(b) and 167, 42 U.S.C. §§ 7413(b) and 7477, and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355. No party has disputed the basis for federal jurisdiction.

**C.      Generally describe the nature of the claims asserted in the complaint and any counterclaims.**

This is a civil environmental enforcement action brought under the Clean Air Act ("CAA") against the current and former owners and operators of six coal-burning power plants located in and around Chicago, Illinois. Plaintiffs are the United States and the State of Illinois. Commonwealth Edison ("ComEd") owned those plants until 1999, when it sold them to Defendant Midwest Generation ("Midwest Gen").

Plaintiffs allege that, before the sale, ComEd performed upgrades to units at five of the six plants that constituted "major modifications."  After the sale, Plaintiffs allege that Midwest Gen made a further "major modification" to a unit at one of the plants (Will County Unit 4). Plaintiffs allege that these "major modifications" bring the plants within the scope of the Clean Air Act's Prevention of Significant Deterioration ("PSD") requirements.

Plaintiffs first brought this action in 2009 against Midwest Gen. Dkt. 1. The complaint alleged that Midwest Gen was violating the CAA by operating the plants without PSD permits and without complying with the PSD requirement to install the best available control technology. The complaint also alleged violations of the visible air pollutant ("opacity") and particulate matter ("PM") limitations under regulations adopted by Illinois and approved by U.S. EPA, and violations of the federal and state Title V operating permit program. Five environmental groups intervened as plaintiffs, asserting only opacity/PM and related Title V claims.

Midwest Gen moved to dismiss all of the Plaintiffs' PSD claims in their entirety, except for the claim relating to Will County Unit 4 (Count 36). Midwest Gen also moved to dismiss the Plaintiffs' claims for civil penalties as to all counts, including the PSD count directed to Will County Unit 4. Judge Darrah granted that motion. Dkt. 75; 694 F. Supp. 2d 999 (N.D. Ill. 2010). The Court held that a violation of the CAA's requirement to obtain a PSD permit is a one-time violation that occurs when construction commences, not an ongoing violation that occurs whenever the unlawfully modified plant is operated. So Midwest Gen could not be held liable for either injunctive relief or civil penalties for modifications that ComEd undertook before the sale. 694 F. Supp. 2d at 1008. The Court also concluded that all claims for civil penalties were barred by the five-year statute of limitations under 28 U.S.C. § 2462.

Plaintiffs then filed an amended complaint (Dkt. 93), changed in two principal respects: (1) to allege that Midwest Gen and its parent Edison Mission Energy ("EME") were liable as ComEd's corporate successors; and (2) to name ComEd as a defendant and seek an injunction directing ComEd to correct its alleged violations of the CAA. The amended complaint also alleged that the defendants are liable under a provision of the Illinois, 415 Illinois Codified Statutes ("ILCS") 5/9.1(d), which Plaintiffs alleged imposes PSD liability on "persons" who "operate" sources modified in violation of PSD. Plaintiffs further alleged violations of Title V by all three defendants (not just Midwest Gen directly as in the original complaint) under the same liability theories asserted for the PSD claims. Finally, as alleged originally, the amended complaint asserted past and ongoing violations of Illinois' opacity and PM limitations by Midwest Gen. The five Intervenors also amended their complaint to add one PSD count (directed to Will County Unit 4), maintaining the opacity/PM and Title V claims against Midwest Gen.

On defendants' motion, Judge Darrah dismissed, under Fed. R. Civ. P. 12(b)(6), all of Plaintiffs' new claims, as well as the Title V claims against Midwest Gen to the extent that they were derivative of the dismissed PSD claims. Dkt. 128. This ruling had the effect of dismissing EME and ComEd from the case entirely. Dkt. 128, 136. Midwest Generation also moved to dismiss the Intervenors' PSD count as untimely and barred by the concurrent remedy doctrine. The court denied that motion, leaving open the question whether, on a fully-developed record, the Intervenors could establish entitlement to equitable tolling. Defendants have not asserted any counterclaims.

Judge Darrah later granted Plaintiffs' motion seeking certification of final judgment under Fed. R. Civ. P. 54(b) for the dismissed PSD claims and a stay of all claims remaining in the district court pending the outcome of an appeal to the Seventh Circuit. Dkt. 167. The Parties' appellate briefing is complete, and oral argument, while not yet scheduled, is expected in the late summer or early fall of 2012.

Finally, on March 22, 2012, four of the five Plaintiff Intervenors dismissed their claims against Midwest Generation as part of an agreement with Midwest Generation. The remaining Plaintiff Intervenor, Citizens Against Ruining the Environment ("CARE"), did not dismiss its claims. CARE is a Will County-based group which has indicated that it did not dismiss its claims because the agreement did not affect operations at Midwest Generation's Will County facilities in Joliet and Romeoville.

**D.      Describe the relief sought by the plaintiff(s).**

In the First Amended Complaint, Plaintiffs seek injunctive relief and civil penalties as provided under Clean Air Act §§ 113(b) and 167 for the three categories of alleged violations. The specific relief that the Plaintiffs and Intervenor CARE may seek will be determined after the decision on appeal.

**E.      Identify any parties that have not been served.**

Each of the three defendants has been served with the Plaintiffs' First Amended Complaint, but two of those defendants have been dismissed from the lawsuit.  Midwest Gen, the only defendant in Intervenors' First Amended Complaint, has been served.

**2.      Pending Motions and Case Plan**

**A.      Briefly describe all pending motions, including the date the motion and associated briefs were filed (or the briefing schedule, if briefing has not yet been completed).**

There are no motions currently pending.

**B.      Briefly describe the discovery that has been taken (if any), and any operative schedule governing discovery. Also indicate whether the discovery schedule has previously been extended and, if so, how many times and by what period (s) of time.**

Plaintiffs and Midwest Gen have exchanged requests for documents and interrogatories related only to the opacity and PM claims, and produced documents.  Discovery for those claims is in the beginning stages. All discovery and trial proceedings on the opacity, PM, and remaining portions of the Title V claims has been stayed pending the outcome on appeal.

**C.      Briefly describe any substantive rulings that have been entered.**

See Part I.C above.

**D.      Identify any substantive or significant procedural motions that any party anticipates filing prior to trial.**

While the appeal is pending, the Parties are unable to predict or describe the substantive or significant procedural motions that each may file prior to trial.

**E.      With respect to a trial:**
**(1)      Indicate whether there is a jury demand;**

Midwest Gen has demanded a jury trial.

**(2)      Estimate the length of the trial; and**

While the appeal is pending, the Parties are unable to estimate the length of the trial.

4

**(3)     Provide the earliest date as to which the parties agree that the case will be ready for trial.**

While the appeal is pending, the Parties cannot estimate a trial date.

3.     **Referrals and Settlement**

**A.     Identify the assigned Magistrate Judge and state whether the case has been referred for discovery supervision, a statement conference, and/or any other purpose.**

The Court has not referred any matters to assigned Magistrate Judge Maria Valdez.

**B.     State whether any settlement discussions have occurred and the status of any settlement discussions.**

In addition to pre-filing settlement negotiations, at the direction of the Seventh Circuit, the Parties briefly engaged in mediation, which was unsuccessful. The Parties currently have no settlement negotiations scheduled, but are open to future settlement opportunities.

**C.     Indicate whether the parties jointly believe that a settlement conference would be productive at this time.**

The Parties do not believe that a settlement conference would be productive at this time.

**D.     Advise whether counsel have informed their respective clients about the possibility of consenting to proceed before the assigned Magistrate Judge.**

The parties have informed their clients about the possibility of consenting to proceed before the assigned Magistrate Judge.  The parties have not consented to do so.

4.     **Other Information**

**A.     Provide any other information that the parties believe is pertinent to the Court's understanding of the status of the case.**

None.

**B.     Please advise whether any party requests that the Court set a status hearing.**

None of the Parties requests a status hearing at this time.  Given the current stay in place pending appeal, the parties respectfully suggest that they be permitted to inform the Court when that appeal has concluded, and that a status conference be set at that time to determine the parameters for whatever remains of the litigation.

Respectfully submitted,

PLAINTIFF UNITED STATES

5

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division


Dated: June 22, 20012    /s/ Kristin M. Furrie
            JENNIFER A. LUKAS-JACKSON
            KRISTIN M. FURRIE
            Trial Attorneys

OF COUNSEL         Environmental Enforcement Section
SUSAN D. TENNENBAUM    Environmental and Natural Resources Division
CHARLES MIKALIAN     U.S. Department of Justice
Associate Regional Counsels   P.O. Box 7611
Office of Regional Counsel (C-14J)  Washington, DC 20044-7611
U.S. EPA, Region V      Phone: (202) 305-2332
77 W. Jackson Blvd.      Facsimile: (202) 514-8395
Chicago, IL 60604-3590


            PATRICK J. FITZGERALD
            United States Attorney for the
            Northern District of Illinois


            JONATHAN HAILE
            Assistant United States Attorney
            Northern District Illinois
            219 S. Dearborn St., 5th Floor
            Chicago, IL 60604


            PLAINTIFF STATE OF ILLINOIS


            /s/Stephen J. Sylvester
            MATTHEW DUNN
            STEPHEN J. SYLVESTER
            Assistant Attorney Generals
            State of Illinois
            69 W. Washington St., 18th Floor
            Chicago, IL  60602
            (312) 814-2521

DEFENDANT MIDWEST GEN


   /s/Brian J. Murray
DANIEL E. REIDY
BRIAN J. MURRAY
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

JAMES M. JONES
JONES DAY
500 Grant St., Ste. 4500
Pittsburgh, PA 15219-2514
Telephone:  (412) 391-3939
Facsimile:  (412) 394-7959


KEVIN P. HOLEWINSKI
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939



PLAINTIFF-INTERVENOR CITIZENS AGAINST
RUINING THE ENVIRONMENT


   /s/Keith I. Harley
KEITH I. HARLEY
Chicago Legal Clinic
205 W. Monroe, 4th Floor
Chicago, IL 60606
(312) 726-2038

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that on June 22, 2012, a copy of the foregoing **JOINT REASSIGNMENT STATUS REPORT** was filed electronically with the Clerk of Court using CM/ECF which will send notification of such filings to the following Counsel of Record:

*Attorneys for the State Illinois*

Matthew J. Dunn
Stephen J. Sylvester
Assistant Attorneys General
State of Illinois
69 W. Washington St., 18th Floor
Chicago, IL   60602
(312) 814-2521

*Attorney for the Natural Resources Defense Council, Inc.*

Ann Alexander
2 N. Riverside Plaza, Ste. 2250
Chicago, IL  60606
(312) 651-7904

*Attorneys for Environmental Law and Policy Center and Respiratory Health Association of Metropolitan Chicago*

Faith E. Bugel
Jennifer L. Cassel
35 E. Wacker Dr., Ste. 1600
Chicago, IL  60601
(312) 759-3400

*Attorney for Citizens Against Ruining the Environmental and The Sierra Club*

Keith I. Harley
Chicago Legal Clinic, Inc.
205 W. Monroe, 4th Fl.
Chicago, IL  60606
(312) 726-2938

*Attorneys for Midwest Generation, LLC and Edison Mission Energy*

Daniel E. Reidy
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Ste 3500
Chicago, IL  60601-1692
(312) 782-3939

James M. Jones
JONES DAY
500 Grant St., Ste. 4500
Pittsburgh, PA  15219-2514
(412) 391-3939

Kevin P. Holewinksi
JONES DAY
51 Louisiana Ave., NW
Washington, DC  20001-2113
(202)879-3939

*Attorneys for Commonwealth Edison Company*

Adrienne Banks Pitts
Kathleen Lynn Roach
Margaret R. Sobota
Byron F. Taylor
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
(312) 853-7000

*/s/ Kristin M. Furrie*
Kristin M. Furrie

8