**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> CITIZENS AGAINST RUINING THE ENVIRONMENT, *et al.*, <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> MIDWEST GENERATION, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 09-cv-05277 <br><br> Judge John Tharp, Jr. <br> Magistrate Judge Maria Valdez |

**JOINT STATUS REPORT**

1. **Nature of the Case**

   A. **Identify all attorneys of record for each party, and indicate their roles (*e.g.*, lead trial counsel, of counsel, local counsel, etc.).**

Counsel for Plaintiff United States
KRISTIN M. FURRIE
Lead Trial Counsel
Environmental Enforcement Section
Environment & Natural Resources Div.
U.S. Department of Justice

JONATHAN C. HAILE
Assistant U.S. Attorney
United States Attorney's Office (N.D. Ill.)
U.S. Department of Justice

SUSAN M. TENNENBAUM
Client Counsel
Office of Regional Counsel
Environmental Protection Agency, Region 5

Counsel for Plaintiff State of Illinois
STEPHEN J. SYLVESTER
Lead Trial Counsel
MATTHEW J. DUNN
ELIZABETH WALLACE
EVAN MCGINLEY
Trial Counsel
Environmental Bureau
Illinois Attorney General's Office

Counsel for Defendant Midwest Generation, LLC
DANIEL E. REIDY
Lead Trial Counsel
BRIAN J. MURRAY
JAMES M. JONES
KEVIN P. HOLEWINSKI
Jones Day

Counsel for Plaintiff-Intervenor Citizens Against Ruining the Environment
KEITH I. HARLEY
Lead Trial Counsel
Chicago Legal Clinic, Inc.

**B.     State the basis for federal jurisdiction and indicate whether any party disputes federal jurisdiction.**

Federal jurisdiction for this action is asserted pursuant to Clean Air Act §§ 113(b) and 167, 42 U.S.C. §§ 7413(b) and 7477, and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355. No party has disputed the basis for federal jurisdiction.

**C.     Generally describe the nature of the claims asserted in the complaint and any counterclaims.**

This is a civil environmental enforcement action brought under the Clean Air Act ("CAA") against the current and former owner and operator of six coal-burning power plants located in and around Chicago, Illinois. Plaintiffs are the United States and the State of Illinois. Plaintiff-Intervenor is Citizens Against Ruining the Environment ("CARE"). Commonwealth Edison ("ComEd") owned those plants until 1999, when it sold them to Defendant Midwest Generation ("Midwest Gen").

Plaintiffs allege that, before the sale, ComEd performed upgrades to units at five of the six plants that constituted "major modifications." After the sale, Plaintiffs allege that Midwest Gen made a further "major modification" to a unit at one of the plants (Will County Unit 4). Plaintiffs alleged that these "major modifications" bring the plants within the scope of the Clean Air Act's Prevention of Significant Deterioration ("PSD") requirements.

Plaintiffs first brought this action in 2009 against Midwest Gen. *See* Dkt. 1. The complaint alleged that Midwest Gen was violating the CAA by operating the plants without PSD permits and without complying with the PSD requirement to install the best available control technology. The complaint also alleged violations of the visible air pollutant ("opacity") and particulate matter ("PM") limitations under regulations adopted by Illinois and approved by U.S. EPA, and violations of the federal and state Title V operating permit program. Five environmental groups intervened as plaintiffs, asserting only opacity/PM and related Title V claims.

Midwest Gen moved to dismiss all of the Plaintiffs' PSD claims in their entirety, except for the claim relating to Will County Unit 4 (Count 36). Midwest Gen also moved to dismiss the Plaintiffs' claims for civil penalties as to all counts, including the PSD count directed to Will

County Unit 4. Judge Darrah granted that motion. Dkt. 75; 694 F. Supp. 2d 999 (N.D. Ill. (2010).) The Court held that a violation of the CAA's requirement to obtain a PSD permit is a one-time violation that occurs when construction commences, not an ongoing violation that occurs whenever the unlawfully modified plant is operated. So Midwest Gen could not be held liable for either injunctive relief or civil penalties for modifications that ComEd undertook before the sale. 694 F. Supp. 2d at 1008. The Court also concluded that all claims for civil penalties were barred by the five-year statute of limitations under 28 U.S.C. § 2462.

Plaintiffs then filed an amended complaint (Dkt. 93), changed in two principal respects: (1) to allege that Midwest Gen and its parent Edison Mission Energy ("EME") were liable as ComEd's corporate successors; and (2) to name ComEd as a defendant and seek an injunction directing ComEd to correct its alleged violations of the CAA. The amended complaint also alleged that the defendants are liable under a provision of the Illinois CAA State Implementation Plan, 415 Illinois Codified Statutes ("ILCS") 5/9.1(d), which Plaintiffs alleged imposes PSD liability on "persons" who "operate" sources modified in violation of PSD. Plaintiffs further alleged violations of Title V by all three defendants (not just Midwest Gen directly as in the original complaint) under the same liability theories asserted for the PSD claims. Finally, as alleged originally, the amended complaint asserted past and ongoing violations of Illinois' opacity and PM limitations by Midwest Gen. The five Intervenors also amended their complaint to add one PSD count (directed to Will County Unit 4), maintaining the opacity/PM and Title V claims against Midwest Gen.

On defendants' motion, Judge Darrah dismissed, under Fed. R. Civ. P. 12(b)(6), all of Plaintiffs' new claims, as well as the Title V claims against Midwest Gen to the extent that they were derivative of the dismissed PSD claims. *See* Dkt. 128. This ruling had the effect of dismissing EME and ComEd from the case entirely. *See* Dkt. 128, 136. Midwest Gen also moved to dismiss the Intervenors' PSD count as untimely and barred by the concurrent remedy doctrine. The court denied that motion, leaving open the question whether, on a more fully-developed record, the Intervenors could establish entitlement to equitable tolling. Defendants have not asserted any counterclaims.

On March 22, 2012, four of the five Plaintiff Intervenors dismissed their claims against Midwest Gen as part of an agreement with Midwest Gen. *See* Dkt. 185, 186. The remaining Plaintiff Intervenor, CARE, did not dismiss its claims. CARE is a Will County-based group which has indicated that it did not dismiss its claims because the agreement did not affect operations at Midwest Gen's Will County facilities in Joliet and Romeoville.

Judge Darrah granted Plaintiffs' motion seeking certification of final judgment under Fed. R. Civ. P. 54(b) for the dismissed PSD claims and a stay of all claims remaining in the district court pending the outcome of an appeal to the Seventh Circuit. Dkt. 167. Plaintiff-Appellants' appeal was docketed in the United States Court of Appeals for the Seventh Circuit on January 5, 2012. App. Dkt. 1. The Seventh Circuit issued an opinion affirming the district court on all appealed counts on July 8, 2013. App. Dkt. 54. Plaintiff-Appellants sought rehearing and rehearing *en banc* on September 3, 2013, App. Dkt. 59, and that motion was denied on September 20, 2013. App. Dkt. 63. The Seventh Circuit's mandate issued on September 30, 2013. App. Dkt. 64. The Plaintiffs' and Plaintiff-Intervenor's PSD claims at Will County 4, opacity/PM claims, and related Title V claims remain pending.

Additionally, on December 17, 2012, Midwest Generation, and its parent company Edison Mission Energy, filed separate Chapter 11 bankruptcy petitions that are now pending before the United States Bankruptcy Court for the Northern District of Illinois in Case No. 12-49219. Plaintiffs and Plaintiff-Intervenor believe that continuation of this litigation in the district court is permitted by the police and regulatory exception to the automatic stay, 11 U.S.C. § 362(b)(4). Midwest Generation agrees that the police and regulatory exception permits the continuing pursuit of the claims of the government Plaintiffs in this action and will address with the bankruptcy court and Plaintiff-Intervenor appropriateness of a limited modification of the bankruptcy stay to permit the claims of Plaintiff-Intervenor to move forward in this action, as well.

On October 23, 2013, the bankruptcy court approved bidder protections for a separate entity, NRG Energy Inc. ("NRG") to help facilitate NRG's possible purchase of the assets and**/or** equity interests of Midwest Generation's parent, EME. If EME's assets are purchased by NRG or another entity, Plaintiffs and Plaintiff-Intervenor believe that the terms of such a sale – including any assumption of liability provisions – may affect Plaintiff and Plaintiff-Intervenor's claims concerning Midwest Generation's facilities that are the subject of this lawsuit.

**D. Describe the relief sought by the plaintiff(s).**

In their First Amended Complaints, Plaintiffs and Intervenor-Plaintiff seek injunctive relief and civil penalties as provided under CAA §§ 113(b) and 167 for the three categories of alleged violations.

**E. Identify any parties that have not been served.**

Each of the three defendants has been served with the Plaintiffs' First Amended Complaint, but two of those defendants (ComEd and EME) now have been dismissed from the lawsuit. Midwest Gen, the only defendant in Intervenors' First Amended Complaint, has been served.

**2. Pending Motions and Case Plan**

**A. Briefly describe all pending motions, including the date the motion and associated briefs were filed (or the briefing schedule, if briefing has not yet been completed).**

There are no motions currently pending.

**B. Briefly describe the discovery that has been taken (if any), and any operative schedule governing discovery. Also indicate whether the discovery schedule has previously been extended and, if so, how many times and by what period (s) of time.**

Plaintiffs and Midwest Gen have exchanged requests for documents and interrogatories related only to the opacity and PM claims, and produced documents. Discovery for those claims is in its early stages. All discovery and trial proceedings on the opacity, PM, and remaining portions of the Title V claims have been stayed since November 3, 2011, pending the outcome of appeal. Dkt. 167. No discovery on the remaining PSD-related counts has occurred as all PSD-related discovery was stayed during the pendency of motion to dismiss proceedings. Dkt. 62.

    **C.    Briefly describe any substantive rulings that have been entered.**

See Part I.C above.

    **D.    Identify any substantive or significant procedural motions that any party anticipates filing prior to trial.**

Plaintiffs anticipate that it will file a motion(s) for summary judgment regarding the remaining claims and/or the legal standards that apply to the remaining claims.

Midwest Gen anticipates filing motions for judgment on the pleadings directed to the remaining counts in Plaintiffs' complaints that assert claims for relief premised on the PSD provision of the CAA (Counts 54, 55 and 59 of Plaintiffs' First Amended Complaint (Dkt. 93); Counts 27 through 29 of Intervenor-Plaintiff's First Amended Complaint in Intervention (Dkt. 92)). Midwest Gen additionally anticipates filing motions for summary judgment directed to all or certain of the claims that may remain pending after rulings on the referenced motions directed to the pleadings.

    **E.    With respect to a trial:**

        **(1)    Indicate whether there is a jury demand;**

Midwest Gen has demanded a jury trial.

        **(2)    Estimate the length of the trial; and**

With the referenced challenges to the pleadings yet to be resolved, which, if successful, could significantly reduce the length of any trial, current estimates of trial length are challenging. That said, trial on the counts, exclusive of the PSD counts, is anticipated to last no fewer than two trial weeks. The parties have agreed "that both discovery and trial should be bifurcated between liability and remedy phases, with liability discovery and trial, if necessary, occurring first." Dkt. 39.

        **(3)    Provide the earliest date as to which the parties agree that the case will be ready for trial.**

Subject to the Plaintiffs' request to continue the stay of the case for settlement negotiations discussed below, no sooner than 15-18 months from the reopening of discovery assuming only opacity and related Title V counts will be tried; 24 months if opacity, PSD, and related Title V counts will be tried.

**3.    <u>Referrals and Settlement</u>**

    **A.    Identify the assigned Magistrate Judge and state whether the case has been referred for discovery supervision, a statement conference, and/or any other purpose.**

The Court has not referred any matters to assigned Magistrate Judge Maria Valdez.

**B.     State whether any settlement discussions have occurred and the status of any settlement discussions.**

The parties engaged in pre-suit settlement negotiations and, at the direction of the Seventh Circuit, the Parties briefly engaged in mediation.  The Parties currently have no settlement negotiations scheduled.

**C.     Indicate whether the parties jointly believe that a settlement conference would be productive at this time.**

With the appeal resolved, the parties are open to a settlement conference, but Midwest Generation's participation may be affected by its status as a debtor in the bankruptcy proceeding now pending before the United States Bankruptcy Court for the Northern District of Illinois in Case No. 12-49219.

Plaintiffs believe that the court should continue the stay of the case for four months to allow the parties to discuss settlement negotiations on the remaining claims without the burden and expense of discovery and briefing.  While a formal settlement conference may not be needed at this time, the parties have not engaged in settlement discussion since prior to the filing of the original complaint.  Four months is needed in light of the bankruptcy proceeding, including the potential purchase of EME's assets.  Midwest Generation does not oppose the requested four-month stay.

**D.     Advise whether counsel have informed their respective clients about the possibility of consenting to proceed before the assigned Magistrate Judge.**

The parties have informed their clients about the possibility of consenting to proceed before the assigned Magistrate Judge.  The parties have not consented to do so.

**4.     Other Information**

**A.     Provide any other information that the parties believe is pertinent to the Court's understanding of the status of the case.**

None.

**B.     Please advise whether any party requests that the Court set a status hearing.**

The Court has currently set a status hearing for November 12, 2013, at which the parties will appear.  Dkt. 210.

Respectfully submitted,

Dated: October 31, 2013  /s/ Kristin M. Furrie

KRISTIN M. FURRIE
Trial Attorney
Environmental Enforcement Section
OF COUNSEL  Environmental and Natural Resources Division
SUSAN D. TENNENBAUM  U.S. Department of Justice
Associate Regional Counsel  P.O. Box 7611
Office of Regional Counsel (C-14J)  Washington, DC 20044-7611
U.S. EPA, Region V  Phone: (202) 616-6515
77 W. Jackson Blvd.  Facsimile: (202) 616-6584
Chicago, IL 60604-3590


GARY S. SHAPIRO
Acting United States Attorney for the
Northern District of Illinois


JONATHAN HAILE
Assistant United States Attorney
Northern District Illinois
219 S. Dearborn St., 5th Floor
Chicago, IL 60604


PLAINTIFF STATE OF ILLINOIS


/s/ Stephen J. Sylvester
MATTHEW DUNN
STEPHEN J. SYLVESTER
Assistant Attorney Generals
State of Illinois
69 W. Washington St., 18th Floor
Chicago, IL 60602
(312) 814-2521

- 8 -

DEFENDANT MIDWEST GEN

*/s/ Brian J. Murray*
DANIEL E. REIDY
BRIAN J. MURRAY
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585


JAMES M. JONES
JONES DAY
500 Grant St., Ste. 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959


KEVIN P. HOLEWINSKI
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939


PLAINTIFF-INTERVENOR CITIZENS
AGAINST RUINING THE ENVIRONMENT

*/s/ Keith I. Harley*
KEITH I. HARLEY
Chicago Legal Clinic
205 W. Monroe, 4' Floor
Chicago, IL 60606
(312) 726-2038

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on October 31, 2013, a copy of the foregoing **JOINT STATUS REPORT** was filed electronically with the Clerk of Court using CM/ECF which will send notification of such filings to the following Counsel of Record:

*Attorneys for the State Illinois*

Matthew J. Dunn
Stephen J. Sylvester
Assistant Attorneys General
State of Illinois
69 W. Washington St., 18th Floor
Chicago, IL 60602
(312) 814-2521

*Attorney for the Natural Resources Defense Council, Inc.*

Ann Alexander
2 N. Riverside Plaza, Ste. 2250
Chicago, IL 60606
(312) 651-7904

*Attorneys for Environmental Law and Policy Center and Respiratory Health Association of Metropolitan Chicago*

Faith E. Bugel
Jennifer L. Cassel
35 E. Wacker Dr., Ste. 1600
Chicago, IL 60601
(312) 759-3400

*Attorney for Citizens Against Ruining the Environmental and The Sierra Club*

Keith I. Harley
Chicago Legal Clinic, Inc.
205 W. Monroe, 4th Fl.
Chicago, IL 60606
(312) 726-2938

*Attorneys for Midwest Generation and Edison Mission Energy*

Daniel E. Reidy
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Ste 3500
Chicago, IL 60601-1692
(312) 782-3939

James M. Jones
JONES DAY
500 Grant St., Ste. 4500
Pittsburgh, PA 15219-2514
(412) 391-3939

Kevin P. Holewinksi
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001-2113
(202) 879-3939

*Attorneys for Commonwealth Edison Company*

Adrienne Banks Pitts
Kathleen Lynn Roach
Margaret R. Sobota
Byron F. Taylor
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

/s/ Kristin M. Furrie
Kristin M. Furrie